IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAN MCDONALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO: 2:07-cv-910-MHT |
| | ) |
| ZALE DELAWARE, INC.; | ) |
| ROBERT TOWNSEND, as its | ) |
| Registered Agent, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

1. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. Section 1331. This action arises under the Fourteenth Amendment to the United States Constitution.

2. Jurisdiction of this Court is also invoked pursuant to the provisions of 28 U.S.C. Sections 1381, 1334(3) and 1343(4). This being an action to redress the deprivation of rights secured by 42 U.S.C., Sections 1981, 1983, and 42 U.S.C. Section 2000e, et seq.

3. The jurisdiction of this action is also invoked pursuant to 28 U.S.C. Sections 2201 and 2202, the Declaratory Judgment Act.

4. The venue of this action is properly placed in the Middle District of Alabama, pursuant to 28 U.S.C., Section 1391 because plaintiff, Jan McDonald's claims arise in this district.

## II. NATURE OF THE ACTION

5. This action seeks a declaratory judgment, pursuant to 28 U.S.C., Section 2201, declaring that the action of the defendants by terminating plaintiff McDonald from her position

as Manager of the Eastdale Mall Zale's Store denied plaintiff McDonald's rights guaranteed under the Fourteenth Amendment to the United States Constitution, as enforced by 42 U.S.C. Sections 1981, 1983 and 42 U.S.C. Section 2003, et seq. This action also seeks defendants to appoint to the position, with all back pay, allowances, seniority, tenure status, retirement benefits to which she would have been entitled had plaintiff McDonald not been illegally terminated from her position.

6. Neither the State of Alabama nor Montgomery County, Alabama has a law prohibiting unlawful employment practices alleged herein.

7. All acts complained were done under the color of law.

### III.   PARTIES

8. Plaintiff Jan McDonald, is a female, is over the age of twenty-one (21) years, a citizen of the United States, and the State of Alabama, residing in Montgomery County, Alabama. At all times material hereto, plaintiff has been employed by defendant Zale Delaware, Inc.

9. Defendant Zale Delaware, Inc. ("Zale", is a Delaware corporation organized and authorized to conduct business in the State of Alabama. It is entrusted by law with the duty and responsibility of general provision and control of the Zale Stores in the State of Alabama.

10. The Plaintiff was initially employed with Zale Delaware, Inc. ("Zale"), from 1988 until 1992 or 93 as a Sales Associate. The Plaintiff voluntarily left the Zale to obtain other employment.

11. On or about 1996, Plaintiff returned to Zale as a Sales Associate at the Eastdale Mall Store. She worked as a Sales Associate until approximately 2001 when the Plaintiff was

-2-

promoted to the position of Manager of the Eastdale Mall Store. As Manager of the store, the Plaintiff was responsible for the day-to-day operation of the store, including the hiring, firing and assignment of all duties of employees assigned to the store.

12.  The Plaintiff returned to the Eastdale Store in 1998 as a Sales Associate where she obtained the status of Elite Sales Associate which meant I had sold over $300,000 worth of merchandise in one (1) year. She continued to increase her sales performance by moving from Elite to Platinum status before she was promoted to Manager of the Zales Store.

13.  It was the policy of Zale to audit the Eastdale Store twice a year. The Eastdale Store never failed an audit during the time the Plaintiff served as Manager.

14.  While Plaintiff served as Manager of the Eastdale Store it received recognition as the best jewelry store in the Tri-County Areas, which included Montgomery, Elmore and Autauga Counties.

15.  The Plaintiff was the second African American hired as manager of a Zales store in Montgomery and the first African American female to be hired as a store Manager in Montgomery. In 2006, as Manager of the Eastdale Mall Store, the Plaintiff was only aware of one other African American in the State of Alabama who was a female and assigned to the Zale Store in the Century Plaza Mall in Birmingham, Alabama.

16.  As Manager of the Zale store, the Plaintiff never received any disciplinary action for performance while receiving monthly reviews from her general manager. The plaintiff always received at least satisfactory annual reviews and annual pay increases. The plaintiff had no problems with inventories or audits until December, 2006, when her store's computer crashed

at which time the Plaintiff made her Regional Manager aware of the problem.

17. On June 16, 2006, the Plaintiff was abruptly terminated by the defendant Zale without being provided a reason. The Plaintiff was replaced by a Filipino who was a manager of another store that closed. The Filipino had been demoted previously by Defendant Zale for inventory shortages and promoted to manager after a period of time.

18. Upon information and belief the Plaintiff believes that she would not have been terminated, but for her race, African American, sex, female and her national origin, United States Citizen of America, in violation of Title VII of the Civil Rights Act of 1964, as amended.

19. As such, the action of defendant Zale in terminating the Plaintiff as manager violates her rights guaranteed and secured by 42 U.S.C., Sections 1981 and 1983.

20. As approximate cause of the above violations of 42 U.S.C., Sections 1981 and 1983, the Plaintiff suffered and continues to suffer lost salary and benefits, mental and emotional distress, and other pecuniary and non-pecuniary losses.

21. Under 42 U.S.C., Sections 1981 and 1983, Zale is liable for compensatory and economic damages for violating her constitutional rights.

22. Plaintiff McDonald further avers that there has been and still exists a pattern an practice of employment discrimination based on race, sex and national origin by Defendant Zale in the hiring and promotional procedures which have an adverse impact on African American females in violation of the Fourteenth Amendment to the United States Constitution, 42 U.S.C., Sections 1981, 1983 and 42 U.S.C., Section 2000e, et seq., as amended. The defendants hire white Americans and appoint them to positions for which they are not qualified. African-Americans are either denied positions or terminated regardless of the fact that they are qualified.

## VII. **PRAYER FOR RELIEF**

**WHEREFORE,** the plaintiff respectfully prays that after a hearing hereon, this Honorable Court will:

1.   Issue a declaratory judgment declaring the action of defendants in terminating the Plaintiff as Manager of the Eastdale Store, as herein alleged, under the circumstances of this case, violated plaintiff's rights secured by the equal protection clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. Section1981, 42 U.S.C., Section 1983 an 42 U.S.C., Section 2000e, et seq., as amended.

2.   Issue a declaratory judgment declaring that the employment practices of the defendants, as set out in the complaint, are unconstitutional.

3.   Enter mandatory, preliminary and permanent injunctions requiring defendants to promote plaintiff to an Administrative position, particularly as alleged herein, with all back pay, allowances, seniority, and retirement benefits to which plaintiff would have been entitled had she been promoted to said position(s).

4.   Enter mandatory, preliminary and permanent injunctions enjoining defendant, their successors in office, their agents, servants and employees from retaliatory action and discriminating on the basis of race.

5.   Enter an Order requiring the defendants to make plaintiff whole by granting appropriate declaratory and injunctive relief, compensatory, nominal and punitive damages, back pay (plus interest), attorneys' fees, expenses and costs.

6. Issue a mandatory and permanent injunction requiring the defendants to hire African Americans when they are more qualified than applicants of other races as opposed to the hiring only one or two Africa Americans to try to appear to the public that it doe not discriminate in hiring based on race.

7. Grant such additional and further relief as the court deems proper and just in the premises.

**RESPECTFULLY SUBMITTED** this 9th day of October, 2007.

*Jan McDonald pro se*
JAN MCDONALD, Pro Se
(334) 467-7140

8203 Fairhaven Lane
Montgomery, AL 36117

Plaintiff is requesting service by certified mail to

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000692
Cashier ID: kalandra
Transaction Date: 10/09/2007
Payer Name: JAN MCDONALD
------------------------------------
CIVIL FILING FEE
 For: JAN MCDONALD
 Case/Party: D-ALM-2-07-CV-000910-001
 Amount:        $350.00
------------------------------------
CASH
 Amt Tendered: $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

JAN MCDONALD V. ZALE DELAWARE

2:07-CV-901-MHT-TFM
```