IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAN McDONALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07cv910-MHT |
| | ) |
| ZALE DELAWARE, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Pending before the Court is the Complaint (Doc. #1) of Plaintiff Jan McDonald (McDonald), filed 9 October 2007. On 23 October 2007 this matter was referred to the undersigned for action or recommendation on all pretrial matters (Doc. #3). The Court has reviewed McDonald's Complaint, and notes that the filing suffers from fatal defects.

McDonald's Complaint is based on allegations of discrimination based on race, sex, and national origin, all in violation of 42 U.S.C. § 1983 and 42 U.S.C. § 2000e, *et seq*. (Title VII of the Civil Rights Act of 1964). Specifically, McDonald, an African American woman, alleges that Zale Delaware, Inc. (Zale), terminated her employment as manager of the Zale's store in Montgomery, Alabama, after a problem with an audit[1], and replaced her with "a Filipino."[2]

---

[1] McDonald states the audit problem was related to a computer crash in December 2006, yet paragraph 17 of the Complaint states she was terminated in June 2006. (Doc. #1 at 4)

[2] The Court is unclear as to what McDonald specifically means by "a Filipino." McDonald does not specify the sex, nor the national origin of the replacement manager. In other words, McDonald may be referring to an American of Filipino descent or a citizen of the Philippine Islands.

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting *under color of state law*." *Holmes v. Crosby*, 418 F.3d 1256 (11th Cir. 2005) (emphasis added) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Defendants acting under color of state law are "clothed with the authority of state law," *West*, 487 U.S. at 49 (citations omitted), and their "deprivation of a federal right [must] be fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).

McDonald's Complaint alleges no state action or any constitutional violations by a person acting under color of state law. The Complaint alleges that Zale, a private corporation, has engaged in discrimination, but does not allege that Zale is a state actor.[3] "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (citations omitted). Thus, this Court does not appear to have subject matter jurisdiction over McDonald's 42 U.S.C. § 1983 claims against Zale. *Nail v. Community Action Agency of Calhoun County*, 805 F.2d 1500, 1501 (11th Cir. 1986).

---

[3] "Only in rare circumstances can a private party be viewed as a '[S]tate actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). To find that Zale is a state actor, this Court must find that either: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) 'the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]' ('nexus/joint action test')." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *NBC, Inc. v. Communications Workers of America*, 860 F.2d 1022, 1026-27 (11th Cir. 1988)).

Further, Title VII requires that a plaintiff receive a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) prior to instituting a Title VII action in federal district court. 42 U.S.C. § 2000e-5(f)(1); *Forehand v. Fl. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996) ("[A] private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge."). It is unclear from McDonald's Complaint whether she ever filed a claim with the EEOC and received a right-to-sue letter. Therefore, for good cause, it is

ORDERED that McDonald shall file an Amended Complaint specifically setting forth the violations by Zale, which occurred under the color of state law (acting with the authority of the state), with regard to her claims filed pursuant to 42 U.S.C. § 1983.

Further, attached to the Amended Complaint, McDonald shall provide the Court with copies of any letters of complaint to the EEOC, or any other correspondence, or proof, which shows that she properly filed her complaints with the EEOC prior to the initiation of this suit. The Amended Complaint shall be filed **on or before November 15, 2007**.

DONE this 25th day of October, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE