IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAN McDONALD,                  )
                               )
        Plaintiff,             )
                               )
vs.                            )    CIVIL ACTION NO. 2:07cv910-MHT
                               )
MONTGOMERY COUNTY,             )
                               )
        Defendant.             )

**RESPONSE TO COURT ORDER/**
**RESPONSE TO MOTION TO DISMISS AND**
**RESPONSE/OBJECTION TO RECOMMENDATION**
**OF THE MAGISTRATE JUDGE**

Comes now Jan McDonald, Plaintiff, in this action, and respectfully requests that

she be allowed to amend her Complaint (Doc. #1) by filing the Amended Complaint

submitted contemporaneously and to respond the following: (1) Court Order (Doc #5), (2)

the Defendant's Motion to Dismiss (Doc. #7), and the Recommendation of the Magistrate

Judge (Doc. #15).    The Plaintiff, in responding to the aforementioned documents,

respectfully requests that the Court reconsider its recommendation for dismissal.    In

support, the Plaintiff submits the following:

1.      This week, on Tuesday November 27, the Plaintiff received from Defendant's

counsel a Motion to Dismiss, in which counsel references the Court's Order (Doc. #5),

wherein the Court ordered the Plaintiff to amend her Complaint.

2.      The Plaintiff never received Document 5, and did not know of its existence

until she had received the Defendant's Motion to Dismiss.

3.      The Plaintiff is representing herself in this action because she has been unable

to obtain legal representation. In representing herself, the Plaintiff has just learned that the Court notifies parties of its orders through the internet, using the CM/ECF system. Before today, the Plaintiff was not aware of this procedure

4.    After the Plaintiff has received the Defendant's Motion to Dismiss, she immediately attempted to contact an attorney in an effort to get some understanding and clarification as to what to do in such a situation.

5.    Today, through the kindness of an attorney who cannot represent Plaintiff, this attorney accessed her case through the internet, and at that point, the Plaintiff was made aware that indeed the Court had ordered her to amend her Complaint on or before November 25, 2007.

6.    At that point, the Plaintiff was made aware that the Honorable Magistrate Judge had recommended that  her Complaint be dismissed for her failure to have corrected flaws in the Complaint.

7.    The Plaintiff makes known to the Honorable Court that she would have never intentionally disobeyed this Court's Order and respectfully apologizes to this Honorable Court for not having responded in a timely manner. Therefore, she requests that she be allowed to respond herein.

8.    The Order (Doc. #5), the Court ordered the Plaintiff to file an Amended Complaint specifically setting fort the violations by Zale when she alleges under 42 U.S.C. § 1983. In response, the Plaintiff submits that she mistakenly cited violations under 42 U.S.C. § 1983, when, in fact, Zale is private corporation, not a state actor. Therefore, there exist no violations under § 1983.

9.    In addressing the issue as to whether the Plaintiff had received statutory notice

2

from the EEOC of her right to sue, the Plaintiff states that indeed she has exhausted all of her administrative remedies, which included mediation by EEOC with Zale Corporation participating in the mediation, and she has received a right to sue letter. A copy of the same is attached to the Plaintiff's Amended Complaint.

10.    In reference to the Court's concerns about the facts of the Complaint as outlined in notes 1 and 2 to the Order (Doc. #5), the Plaintiff clarifies by stating that the computer crash occurred in November 2005; the Plaintiff inadvertently referenced December 2006.

11.    In reference to the Plaintiff's Complaint being as to the national of the Plaintiff replacement manager, the Plaintiff submits that the replacement was a non-African American, who is a native of the Philippines.

12.    In reference to the recommendation of dismissal of the Complaint for the referenced flaws therein, the Plaintiff submits that even if she failed to state a claim under 42 U.S.C. § 1983, the entire Complaint should not be dismissed because she has stated a claim under 42 U.S.C. § 1981, and with the submission of the right to sue from EEOC, the Plaintiffs has stated a claim under Title VII, of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

13.    Therefore, on the basis of this Response, coupled with the Amended Complaint, filed contemporaneously with this Response, the Plaintiff respectfully requests that the Magistrate Judge reconsider its recommendation for dismissal, vacate that recommendation, deny the Motion to Dismiss, and consider the Plaintiff's Response as being timely filed, according to the circumstances surrounding her excusable neglect and failure to timely respond .

14.    Alternatively, if so necessary, the Plaintiff requests that this response be treated

as: (1) a response to the Court's Order (Doc. #5), (2) a timely filed opposition to the

Motion to Dismiss, and/or (3) an objection the recommendation of the Magistrate Judge.

Respectfully submitted

Jan McDonald, Pro Se
Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I have this 29TH day of November 2007, filed a copy of
This document on the following person by placing the same in the U.S. Mail, postage
prepaid, and addressed as follows:


Albert L. Vreeland, II
P.O. Box 11945
Birmingham, AL 35202-1945
avreeland@lehrmiddlebrooks.com

Jan McDonald


ADDRESS
8203 Fairhaven Lane
Montgomery, AL 36117
janrmcdonald@yahoo.com
(334) 467-7140

4