IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAN McDONALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07cv910-MHT |
| | ) |
| ZALE DELAWARE, INC., | ) |
| | ) |
| Defendant. | ) |

**AMENDED RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the Court is Defendant's Motion to Dismiss (Doc. #7), filed 19 November 2007. On 23 October 2007, this matter was referred to the undersigned for action or recommendation on all pretrial matters (Doc. #3). On 25 October 2007, this Court ordered (Doc. #5) Plaintiff to amend her Complaint (Doc. #1) on or before 15 November 2007, in order to address the fatal defects contained therein. Plaintiff failed to comply with the Court's Order. Defendant's Motion to Dismiss (Doc. #7) raises the same two issues the Court raised in the Order to amend (Doc. #5). On 27 November 2007, this Court recommended that Defendant's Motion to Dismiss be granted (Doc. #9). On 30 November 2007, Plaintiff filed an Objection to the Recommendation (Doc. #11) and an Amended Complaint (Doc. #9). In the Objection (Doc. #11), Plaintiff claims that she was not served with the Court's Order to Amend (Doc. #5), issued 25 October 2007, requiring her to amend her Complaint and provide evidence of a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). For the reasons that follow, it is the amended

RECOMMENDATION of the Magistrate Judge that Defendant's Motion to Dismiss (Doc. #7) be GRANTED IN PART and DENIED IN PART.

## I. Discussion

### A. Claims pursuant to 42 U.S.C. § 1983.

Plaintiff's Complaint (Doc. #1) contained allegations of discrimination against Zale Delaware Inc. (Zale), based on race, sex, and national origin, in violation of 42 U.S.C. § 1983 and 42 U.S.C. § 2000e, *et seq.* (Title VII of the Civil Rights Act of 1964). As the Court informed Plaintiff, in order "[t]o establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting *under color of state law*." *Holmes v. Crosby*, 418 F.3d 1256 (11th Cir. 2005) (emphasis added) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Defendants acting under color of state law are "clothed with the authority of state law," *West*, 487 U.S. at 49 (citations omitted), and their "deprivation of a federal right [must] be fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).

Plaintiff's Complaint (Doc. #1) alleged neither state action, nor any constitutional violations by a person acting under color of state law. Rather, the Complaint (Doc. #1) alleged that Zale, a private corporation, engaged in discrimination, but did not allege that Zale was a state actor.[1] "[T]he under-color-of-state-law element of § 1983 excludes from its

---

[1] "Only in rare circumstances can a private party be viewed as a '[S]tate actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). To find Defendant Zale is a state actor, this Court must find either: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public

reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (citations omitted). Therefore, this Court does not have subject matter jurisdiction over McDonald's 42 U.S.C. § 1983 claims against Zale, *Nail v. Community Action Agency of Calhoun County*, 805 F.2d 1500, 1501 (11th Cir. 1986).

In the Objection to the Recommendation (Doc. #9), Plaintiff concedes "there exist no violations under § 1983." (Doc. #11). Therefore, as to Plaintiff's § 1983 claims, Defendant's Motion to Dismiss is due to be granted.

### B. Claims pursuant to Title VII

As noted in the Order to amend (Doc.#5), with regard to Plaintiff's Title VII claims, Title VII requires that a plaintiff receive a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) prior to instituting a Title VII action in federal district court. 42 U.S.C. § 2000e-5(f)(1); *Forehand v. Fl. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996) ("[A] private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge."). Plaintiff made no allegation in her Complaint (Doc. #1) that she had received a right-to-sue letter. In the Order to amend (Doc. #5), the Court required Plaintiff to provide evidence of receipt of a right-to-sue letter.

---

function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) 'the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]' ('nexus/joint action test')." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *NBC, Inc. v. Commo'n Workers of Am.*, 860 F.2d 1022, 1026-27 (11th Cir. 1988)). Plaintiff made no allegation of any state action on the part of Defendant.

On 30 November 2007, fifteen days late, and, after the Court had already recommended the dismissal of her claims (Doc. #9), Plaintiff filed a copy of her EEOC right-to-sue letter (Doc. #10). Plaintiff claims she did not receive service of the Court's Order to amend (Doc. #5) and was unaware of the Court's electronic filing system. The Court notes, it did not serve Plaintiff through the electronic filing system, but mailed her a copy of the Order (Doc. #5), to the address she provided to the clerk's office. It is Plaintiff's responsibility to maintain a correct address with the Court and to monitor the progress and deadlines set forth by the Court.

However, the Court does liberally construe the filings of *pro se* litigants, *see Powell v. Lennon*, 914 F.2d 1459 (11th Cir. 1990), and will allow Plaintiff to file the Amended Complaint (Doc. #10) out of time. Plaintiff, however, cautioned that the Court will not tolerate any further failures to comply with the orders of this Court. Therefore, because Plaintiff has received a right-to-sue letter from the EEOC, Defendant's Motion to Dismiss is due to be denied, as to Plaintiff's Title VII claims.

## II. Conclusion

Accordingly, it is the RECOMMENDATION of the Court that Defendant's Motion to Dismiss be GRANTED IN PART, as to Plaintiff's 42 § 1983 claims and DENIED IN PART, as to Plaintiff's Title VII claims. It is further

ORDERED that **on or before 17 December 2007**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 4th day of December, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE