IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAN McDONALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | 2:07-cv-910-MHT |
| ) | |
| ZALE DELAWARE, INC., ) | |
| ) | |
| Defendant. ) | |

## ANSWER

COMES NOW, Zale Delaware, Inc., Defendant in the above-styled action, and responds to Plaintiff's Complaint[1] as follows:

1.    Admitted that this Court has jurisdiction over this action. With respect to the remaining averments of this paragraph, denied.

2.    Admitted that this Court has jurisdiction over this action. With respect to the remaining averments of this paragraph, denied.

3.    Admitted that this Court has jurisdiction over this action. With respect to the remaining averments of this paragraph, denied.

4.    Admitted.

5.    Denied.

6.    Admitted.

7.    Denied.

8.    Admitted.

9.    Admitted.

---

[1] Because the Court has not yet ruled on Plaintiff's Motion to Amend, Defendant cannot yet respond to the allegations of the Amended Complaint.

10. Admitted.

11. Admitted.

12. Denied.

13. Denied.

14. Denied.

15. Admitted that Plaintiff was the first African-American female hired to be a store manager in Montgomery. Otherwise, denied.

16. Admitted that Plaintiff did not have any disciplinary action for performance while receiving monthly reviews from her general manager. Admitted that from 1998 forward, Plaintiff received satisfactory reviews and pay increases. Otherwise, denied.

17. Admitted that Plaintiff was replaced by a Filipino. Otherwise, denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

## **AFFIRMATIVE AND ADDITIONAL DEFENSES**

### **FIRST DEFENSE**

Any factual assertions or allegations made in Plaintiff's Complaint that are not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

### **SECOND DEFENSE**

Defendant did not engage in any discriminatory, or unlawful conduct toward McDonald.

10. Admitted.

11. Admitted.

12. Denied.

13. Denied.

14. Denied.

15. Admitted that Plaintiff was the first African-American female hired to be a store manager in Montgomery. Otherwise, denied.

16. Admitted that Plaintiff did not have any disciplinary action for performance while receiving monthly reviews from her general manager. Admitted that from 1998 forward, Plaintiff received satisfactory reviews and pay increases. Otherwise, denied.

17. Admitted that Plaintiff was replaced by a Filipino. Otherwise, denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

## **AFFIRMATIVE AND ADDITIONAL DEFENSES**

### **FIRST DEFENSE**

Any factual assertions or allegations made in Plaintiff's Complaint that are not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

### **SECOND DEFENSE**

Defendant did not engage in any discriminatory, or unlawful conduct toward McDonald.

### THIRD DEFENSE

Some or all of Plaintiff's claims are barred because Defendant has at all times acted reasonably and in good faith toward McDonald.

### FOURTH DEFENSE

Defendant's conduct toward and treatment of McDonald was at all times based upon legitimate non-discriminatory factors and/or legitimate factors other than race or protected conduct.

### FIFTH DEFENSE

Plaintiff cannot prove any discriminatory or unlawful conduct by Defendant; alternatively, even if Plaintiff could prove a discriminatory motive could be found to exist for some action complained of, Defendant would have taken the same actions based upon legitimate, non-discriminatory or non-retaliatory reasons.

### SIXTH DEFENSE

Plaintiff is not entitled to some or all of the relief requested in her Complaint because, even if Defendant was found to have considered any impermissible factors in any decisions or actions with respect to Plaintiff, which Defendant denies, no such decisions or actions were motivated by any impermissible factors and all decisions were based on reasonable factors other than race or protected conduct.

### SEVENTH DEFENSE

Defendant has a well-disseminated and consistently enforced policy against unlawful discrimination, harassment, and retaliation, which established reasonable and effective means of reporting and seeking relief from conduct believed to be discriminatory, and Defendant acted in accordance with this policy at all times. To the

extent that McDonald failed to use these procedures and/or failed to properly use these procedures, Plaintiff's claims are barred.

### EIGHTH DEFENSE

There is no causal relation between the acts of Defendant and any injury or damage allegedly suffered by McDonald.

### NINTH DEFENSE

Defendant reserves the right, upon taking further discovery in this case, to assert and/or show that some or all of Plaintiff's claims are barred by the after-acquired evidence doctrine.

### TENTH DEFENSE

Plaintiff has failed to plead special damages with specificity as required by the Federal Rules of Civil Procedure, therefore, she is barred from any recovery of special damages.

### ELEVENTH DEFENSE

Some or all of Plaintiff's claims are barred by the equitable doctrine of estoppel and/or unclean hands.

### TWELFTH DEFENSE

Some or all of Plaintiff's claims and/or some or all of the damages Plaintiff seeks are barred by the applicable statute of limitations.

### THIRTEENTH DEFENSE

Plaintiff is not entitled to attorneys' fees, costs or expenses.

### FOURTEENTH DEFENSE

Plaintiff is due none of the relief requested.

### FIFTEENTH DEFENSE

Plaintiff has failed to satisfy the administrative prerequisites to bringing a claim under Title VII.

### SIXTEENTH DEFENSE

Defendant affirmatively avers that any Title VII claims of Plaintiff that arose more than 180 days prior to the filing of her Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) are barred for failure to meet the conditions precedent to bringing this action. Moreover, any Title VII claims outside the scope of a reasonable investigation of that Charge of Discrimination are likewise barred.

### SEVENTEENTH DEFENSE

Defendant did not engage in any willful violation of any law, and Defendant did not act with malice or with reckless indifference to the federally protected rights of Plaintiff, nor did Defendant authorize or ratify any such actions.

### EIGHTEENTH DEFENSE

To the extent Plaintiff's Complaint states a claim for punitive damages, such a claim is barred because any imposition of punitive damages against Defendant under any of the claims would constitute a denial of due process and would be excessive under the United States Constitution and the Constitution of the State of Alabama.

### NINETEENTH DEFENSE

Defendant cannot be liable for punitive damages because Defendant could not have reasonably expected the conduct which Plaintiff's alleges, to have subjected it to punitive damages.

Respectfully Submitted,

s/Albert L. Vreeland, II
Albert L. Vreeland, II ASB-0066-V78A

Lehr Middlebrooks & Vreeland, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Ms. Jan McDonald
8203 Fairhaven Lane
Montgomery, AL  36117

Respectfully submitted,

s/Albert L. Vreeland, II
Albert L. Vreeland, II ASB-0066-V78A
Lehr Middlebrooks & Vreeland, P.C.
P.O. Box 11945
Birmingham, AL 35202-1945
Phone:  (205) 326-3002
Fax:  (205) 326-3008
E-mail: avreeland@lehrmiddlebrooks.com
Bar No.: ASB-0066-V78A

192817.doc