**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| JAN McDONALD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ZALE DELAWARE, INC., )<br>)<br>Defendant. ) | CIVIL ACTION NUMBER:<br>2:07-cv-910-MHT |

**UNILATERAL REPORT PURSUANT TO FED. R. CIV. P. 26(f)**

COMES NOW Defendant, and states that, pursuant to Fed. R. Civ. P. 26(f), Defendant tried to confer with Plaintiff concerning the drafting of a discovery plan. Plaintiff did not respond to Defendant's correspondences, copies of which are attached as Exhibit A. Defendant's letters to Plaintiff included copies of a proposed report to be jointly filed. Defendant's unilateral submission below contains no substantive alterations from what was sent to Plaintiff, merely necessary modification of the format and introduction of the proposal and to reflect the change to the date of the scheduling conference. Therefore, Defendant respectfully requests the Court adopt the following discovery deadlines in its Scheduling Order.

1. Pre-Discovery Disclosures. The parties will exchange by February 29, 2008, the information required by Local Rule 26.1(a)(1).

2. Discovery Plan. The parties jointly propose to the Court the following plan:

      a.    Discovery will be needed on the following subjects: Plaintiff's claims of discrimination on the bases of race, sex, and national origin, and her alleged damages, and Defendant's defenses to the same.

      b.    All discovery commenced in time to be completed by September 19, 2008.

      c.    Maximum of 30 interrogatories by each party to any other party. Responses due 30 days after service.

      d.    Maximum of 30 requests for production by each party to any other party. Responses due 30 days after service.

      e.    Maximum of 30 requests for admission by each party to any other party. Responses due 30 days after service.

      f.    Maximum of 10 depositions by Plaintiff and 10 by Defendant.

      g.    Reports from retained experts under Rule 26(a)(2) due:

          from Plaintiff by July 8, 2008;

          from Defendant by August 8, 2008.

      h.    Supplementations under Rule 26(e) due August 8, 2008.

      i.    Disclosure or discovery of electronically stored information:

          Disclosure or discovery of electronically stored information ("ESI") should be handled as follows: When ESI is responsive to a discovery request or appropriately the subject of mandatory disclosure, the parties agree that reasonably accessible ESI may be produced in hard copy, .tif, .pdf, or other electronic format, at the option of the producing party. If, however, a party identifies a specific concern about whether a particular item of ESI is authentic or has been altered, then the producing party, if possible, should produce that item of ESI in a form with related metadata, if any, unless the producing party obtains a

protective order from the Court in which the Court relieves the producing party of this obligation.

The parties have agreed to resolve post-production claims of privilege or of protection as trial-preparation material as follows:

If information is produced in discovery that is subject to a claim of privilege or protection as trial-preparation material, then the party making the claim should notify any party that received the information of the claim and the basis for it. After being notified, unless there has been an undue delay in the assertion of the claim, the receiving party will promptly return, sequester, or destroy the specified information and any copies thereof and is prohibited from using or disclosing the information. If there has been an undue delay in the assertion of the claim, then the receiving party may promptly present the information to the Court under seal for a determination of the claim. In such a situation, the receiving party is prohibited from using or disclosing the information unless determination of waiver is made by the Court. If a receiving party disclosed the information before being notified of the claim, it must take reasonable steps to retrieve the information and any copies thereof from anyone to whom the information was disclosed.

3. Other Items.

   a. The parties have a scheduling conference calendared for February 11, 2008 .

   b. Plaintiff should be allowed until March 1, 2008 to join additional parties and until April 18, 2008, to amend the pleadings.

   c. Defendant should be allowed until March 18, 2008, to join additional parties and until April 30, 2008, to amend the pleadings.

   d. All potentially dispositive motions should be filed by September 5, 2008.

   e. Settlement cannot be realistically evaluated prior to close of discovery.

  f. The parties request a final pretrial conference in October 2008.

  g. Final lists of trial evidence and objections thereto under Rule 26(a)(3) will be due on dates as determined by the Court:

   from Plaintiff:  witnesses by four weeks before trial; exhibits by four weeks before trial.

   from Defendant:  witnesses by three weeks before trial; exhibits by three weeks before trial.

  h. The case should be ready for trial by November 3, 2008, and at this time is expected to take approximately 2 ½ days.

WHEREFORE, PREMISES CONSIDERED, Defendant prays this Court to adopt these discovery deadlines in its upcoming scheduling order.

       Respectfully Submitted,

       s/Whitney R. Brown
       Albert L. Vreeland, II  ASB-0066-V78A
       Whitney R. Brown  ASB-4431-H71B

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama  35202-1945
Phone:  (205) 326-3002
Fax:  (205) 326-3008
E-mail: wbrown@lehrmiddlebrooks.com

4

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served a copy of the foregoing on the following non-CM/ECF participant by placing same in the United States Mail, properly addressed and first class postage prepaid:

        Ms. Jan McDonald
        8203 Fairhaven Lane
        Montgomery, AL  36117

        s/Whitney R. Brown
        OF COUNSEL

194419.doc

# EXHIBIT A

**LEHR MIDDLEBROOKS & VREELAND, P.C.**

LABOR & EMPLOYMENT LAW

Whitney R. Brown
wbrown@lehrmiddlebrooks.com
205.323.9274

January 17, 2008

2021 Third Avenue North
Birmingham, AL 35203
Phone 205.326.3002
Facsimile 205.326.3008
www.lehrmiddlebrooks.com

Ms. Jan McDonald
8203 Fairhaven Lane
Montgomery, AL 36117

*RE:   Jan McDonald v. Zale Corporation*

Dear Ms. McDonald:

Please find enclosed our proposed schedule for major discovery deadlines in the above litigation. The report is called a Report of Parties' Planning Meeting, and it is to be filed on behalf of both parties indicating that we have reached agreement on the basic timeline and limitations that will be placed on discovery. The court will enter a scheduling order based on this filing. The report is due to be filed with the court by **Friday, February 8, 2008**.

Please call me when you receive this so that we can submit this report to the court in a timely fashion; we are happy to consider any revision you may propose. My contact information is above.

Sincerely,

Whitney R. Brown
FOR THE FIRM

194472.doc

**LEHR MIDDLEBROOKS
& VREELAND, P.C.**

LABOR & EMPLOYMENT LAW

Whitney R. Brown
wbrown@lehrmiddlebrooks.com
205.323.9274

January 29, 2008

2021 Third Avenue North
Birmingham, AL 35203
Phone 205.326.3002
Facsimile 205.326.3008
www.lehrmiddlebrooks.com

Ms. Jan McDonald
8203 Fairhaven Lane
Montgomery, AL 36117

RE:   *Jan McDonald v. Zale Corporation*

Dear Ms. McDonald:

I wrote you on January 18, 2008, regarding our need to submit to the Court a scheduling order by February 8, 2008. I have enclosed another copy of that proposed order for your review.

Again, please contact me when you receive this; we are happy to consider any revision you may suggest as it is intended to be an order jointly worked out by the parties. My contact information is above.

Sincerely,

Whitney R. Brown
FOR THE FIRM
Enclosure

195109.doc

cc: Albert L. Vreeland, II, Esq.