IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAN McDONALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07cv910-MHT |
| | ) | |
| ZALE DELAWARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

**This order has been modified.  Please read the bold paragraph carefully.**

The Scheduling Order entered on this date includes a deadline for filing dispositive motions.  Any motion to dismiss or motion for summary judgment is due on or before the date reflected in the order.  The schedule for submissions is set forth in this order.  Absent a showing of exceptional circumstances, the dispositive motion deadline and the briefing deadlines will not be extended.  The Uniform Scheduling Order provides adequate time for discovery, and the Court will not automatically deem a party's failure to conduct needed discovery or the schedules of counsel to be valid bases for extending the dispositive motion deadline or briefing schedule.

Accordingly, it is ORDERED that:

1. The movant shall file its brief and evidentiary submissions simultaneously with the filing of the dispositive motion.

    2.    The opponent's brief and responsive submission shall be filed not later than 21 days thereafter.

    3.    The movant's reply brief, if any, shall be filed not later than seven (7) calendar days after the date on which the opponent's responsive submission was due. The movant may not include any new evidentiary material with the reply brief without a written Notice of Intent, justification for the addenda, and leave of the court. The motion shall be deemed submitted on the date upon which a reply brief is due, and the court will thereafter determine the motion without oral argument.[1]

    4.    The parties are DIRECTED to file their submissions with the Clerk of the court, and shall submit a copy of the submissions to the court in chambers. The materials submitted to the court in chambers shall include precisely the same materials and only the same materials which were filed with the Clerk. Any party who files depositions or deposition excerpts shall include travel transcripts with an index, if available.

    5.    **All briefs in support of and in opposition to a motion for summary judgment shall include a statement of facts divided into two parts: Uncontested Facts and Contested Facts. Before the filing of a motion for summary judgment, the parties shall confer and agree upon the facts which are uncontested; those facts shall be identical in each party's brief. The Court will rely upon the parties' representations in its determination of whether there is a genuine issue of material**

---

[1] If the court determines that a hearing is necessary or helpful, a date will be set for the hearing.

**fact.**

6.    All briefs in support of and in opposition to the motion shall be accompanied by an appendix which includes the evidence upon which the parties rely.

7.    All briefs in support of or in opposition to the motion must also be accompanied by an appendix which contains copies of all statutes, regulations, case law, notes, articles, and legislative history cited in the brief. If a treatise is cited in the brief, the excerpt relied upon in the brief must be included in the appendix unless the excerpt is quoted in full in the brief.

8.    Any discussion of evidence in a brief must include the specific reference, by page and line, to where the evidence can be found in the supporting evidentiary appendix or in a court pleading or other filing (complaint, answer, brief, etc.).

9.    If a brief already filed by a movant or nonmovant fails to comply fully with these requirements, the movant or nonmovant must file a supplemental brief that does comply with these requirements on the schedule set herein.

10.    Failure to comply strictly with this order could result in dismissal of the motion or appropriate sanctions.

DONE this 20th day of February, 2008.

                    /s/ Wallace Capel, Jr.
                    WALLACE CAPEL, JR.
                    UNITED STATES MAGISTRATE JUDGE